IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KENNETH RAY ADAMS,                                                                    PLAINTIFF
ADC #129484

v.                                          4:18CV00781-JTK

PARKER                                                                                DEFENDANT

**MEMORANDUM AND ORDER**

**I.    Introduction**

Plaintiff Kenneth Adams, a state inmate incarcerated at the Barbara Ester Unit of the Arkansas Department of Correction (ADC), filed this pro se action pursuant to 42 U.S.C. § 1983, alleging inadequate conditions of confinement, retaliation, and discrimination while incarcerated at the Saline County Detention Facility (Jail). (Doc. No. 2)

This matter is before the Court on Defendant Parker's Motion for Summary Judgment, Brief in Support, and Statement of Facts. (Doc. Nos. 24-26). Plaintiff did not respond, and by Order dated August 23, 2019, this Court cautioned Plaintiff that his failure to respond to the Motion within fifteen days of the date of the Order would result in either all the facts set forth in the Motion being deemed admitted by him, or dismissal of the action, without prejudice, for failure to prosecute (Doc. No. 27). As of this date, Plaintiff has not responded to the Motion.

**II.   Amended Complaint**

Plaintiff alleged he notified Defendant through a written grievance about black mold in the shower area on May 25, 2018, and the problem was never resolved. (Doc. No. 6, p. 4) Defendant Parker then retaliated against Plaintiff for filing the grievance by moving him to a different housing unit on June 9, 2018. (Id.) Plaintiff's constant exposure to mold caused headaches, nose bleeds,

1

chest pains, dizziness, shortness of breath, staph infections and blurred vision. (Id.) Plaintiff also alleged he was not treated equally because of his mental disability. (Id., p. 5)

### III.  Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

   **A.  Official Capacity**

The Court agrees with Defendant that Plaintiff's monetary claims against her in her official capacity should be dismissed, because he did not allege that Parker's actions were taken pursuant to an unconstitutional policy, practice, or custom, or any widespread pattern of unconstitutional conduct. A suit against a county official in his official capacity is the equivalent of a suit against the county itself. Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998). In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions. Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). Plaintiff alleged no facts to support a finding that a policy, practice or custom of Saline County was the moving force behind any alleged injury he suffered.

**B.     Individual Capacity**

Defendant also asks the Court to dismiss Plaintiff's claims against her in her individual capacity, based on qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most

3

favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Defendant Tonya Parker is a sergeant at the Saline County Detention Center (Jail). (Doc. No. 26-1, p. 1) She stated by affidavit that inmates at the Jail are provided cleaning materials daily to clean their cells, showers, sinks and toilets. (Id.) These materials include mops, buckets, scrub brushes, and multiple cleaning solutions. (Id.) During her inspections of the Jail, Defendant has not seen any black mold or rust, and representatives from the Arkansas Criminal Detention Facilities Review Committee inspected the Jail and found no black mold. (Id., p. 2; Doc. No. 26-5) She stated that when Plaintiff filed a grievance about the mold in the shower, she responded that she would take care of it immediately and would move Plaintiff to another pod so he would not have any more issues, noting he was the only person who complained about mold. (Doc. No. 26-1, p. 2; Doc. No. 26-3, p. 20) She explained that she did not suggest Plaintiff's move as retaliatory, but rather as an effort to resolve his complaints. (Doc. No. 26-1, p. 2)

Jail Maintenance Supervisor Allen Lancaster stated that after Plaintiff filed the grievance about mold, Defendant Parker asked him to inspect the housing and shower area for mold. (Doc. No. 26-6) Lancaster did not discover mold at that time and has not located any black mold or rust

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

during his Jail inspections. (Id.)

In his deposition, Plaintiff testified that Jail officials brought brooms, mops and buckets to the inmates about three times a week, and sprayed cleaning fluids and bleach in the showers, sinks and toilets. (Doc. No. 26-7, p. 11) He testified that after he filed the grievance in May 2018, he was moved from D pod to H pod, and that both areas housed general population inmates. (Id., pp. 17-18) He also later stated that prior to his move, he was involved in a verbal dispute with another inmate, so he was not sure if the move was related to the grievance he filed. (Id., p. 46) Plaintiff complained that mold was present in several showers of the Jail, mostly on the walls at the bottom of the baseboards where the walls meet the floors. (Id., pp. 25-26, 30) While it would disappear often after it was cleaned, it would return after a few days. (Id., pp29, 35-36) He claimed he was mistreated because of his post-traumatic stress disorder (PTSD), with which he was diagnosed in 2014, but acknowledged that all other inmates at the Jail were subject to the same conditions. (Id., pp 41-44) Plaintiff admitted that he smoked for fifteen to twenty years, despite the fact that he was diagnosed with asthma as a child. (Id., pp. 51-52) Although he suffered from chest pains before he was incarcerated at the Jail, the exposure to mold caused headaches and nose bleeds. (Id., pp. 54-55) Plaintiff speculated that his shortness of breath could have been caused by the mold and stated that he once developed a staph infection but resolved it by taking an antibiotic pill another inmate gave him. (Id., p. 58) Finally, he stated that he never personally talked to Defendant Parker about the mold.(Id., p. 62)

In light of the Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendant, the Court hereby finds that the facts set forth by Defendant (Doc. No. 26) are undisputed for purposes of the Motion and that summary judgment is granted as a matter of law. See FED.R.CIV.P. 56(e)(2), (3). Since Plaintiff was a pretrial detainee at the time of his

incarceration, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1979). In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). Therefore, in order to support an Eighth Amendment, claim for relief, Plaintiff must allege and prove that Defendant acted with deliberate indifference to a serious medical or safety need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "The Constitution does not mandate comfortable prisons," and humane conditions of confinement include "adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. at 832.  In addition, "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." Wilson v. Seiter, 501 U.S. at 305.

In this particular case, Defendant submits evidence to show that the Jail provided the inmates cleaning materials for the housing, shower, and toilet areas, and that regular inspections failed to discover a mold issue.  In addition, Plaintiff does not provide any proof that his numerous physical ailments were caused by mold and that Defendant deliberately disregarded this threat to Plaintiff's health and safety. Plaintiff presents no evidence or testimony to support a finding that Defendant retaliated against Plaintiff by moving him, and Plaintiff himself admitted that his move followed a verbal altercation with another inmate. Plaintiff admitted that all inmates were subjected to the same conditions as he, and therefore, provides no evidence that he was treated differently from others similarly situated. See Rouse v. Benson, 193 F.3d 936, 942 (8th Cir. 1999). Plaintiff also does not allege that Defendant excluded him from any benefits of services, programs, or activities, which is necessary to support a claim pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. §12132.  Therefore, absent additional facts or evidence from Plaintiff to show

otherwise, the Court finds that Defendant acted reasonably under the circumstances, and that no reasonable fact finder could find that the facts as alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

### IV. Conclusion

IT IS, THEREFORE, ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 24) IS GRANTED, and Plaintiff's Complaint IS DISMISSED with prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 19th day of September, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE